1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

**\*\*\***

4

5

6
JOYCE E. RHONE,

7
                              Plaintiff,

2:21-cv-01296-VCF

8
v.

**ORDER**

9
KILOLO KIJAKAZI, Acting Commissioner of

10
Social Security

MOTION TO REMAND [ECF NO.25]; CROSS-
MOTION TO AFFIRM [ECF NO. 26]

11

12
                              Defendant.

13

14

15
        This matter involves Plaintiff Joyce Rhone's request for a remand of the Administrative Law

16
Judge's ("ALJ") final decision denying her social security benefits. Before the Court are Rhone's

17
Motion for Reversal and Remand (ECF No. 25) and the Acting Commissioner's Cross-Motion to Affirm

18
and Opposition to Plaintiff's Motion for Reversal (ECF No. 26). For the reasons stated below, I grant

19
Plaintiff's motion to remand and deny the Commissioner's cross-motion.

20
**STANDARD OF REVIEW**

21
        The Fifth Amendment prohibits the government from depriving person of property without due

22
process of law. U.S. Const. amend. V. Social security Plaintiffs have a constitutionally protect property

23
interest in social security benefits. *Mathews v. Eldridge,* 424, U.S. 319 (1976); *Gonzalez v. Sullivan,* 914

24
F. 2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision

25

denying a Plaintiff's benefits, the Social Security Act authorizes the District Court to review the

Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to

refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th

Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their

discretion for that of the agency.") The Court examines the Commissioner's decision to determine

whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by

"substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales,* 402

U.S. 389, 409 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be

upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support

a conclusion." *Consolidated Edison Co. NLRB,* 305 U.S. 197 217 (1938) (defining a "mere scintilla" of

evidence). If the evidence supports more than one interpretation, the Court must uphold the

Commissioner's interpretation. *See Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). The

Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala,*

36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or

overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

The ALJ followed the five-step sequential evaluation process for determining whether an

individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded that Plaintiff had not engaged in

substantial gainful activity since the alleged onset date of December 21, 2015. AR at 26.[1] The ALJ

---

[1] AR signifies a citation to the Administrative Record

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

found that Plaintiff had the "following severe impairments: affective mood disorder, anxiety related

disorder, and post-traumatic stress disorder (PTSD) (20 CFR 404.1520(c) and 416.920(c))." *Id.* The ALJ

found that Plaintiff's impairments "constitute more than slight abnormalities and have had more than a

minimal effect on the claimant's ability to perform basic work activities and have lasted or are expected

to last for a continuous period of 12 months." *Id.* The ALJ also assessed Plaintiff's physical

impairments, which are hypertension, prediabetes, and chronic obstructive pulmonary disease. *Id.*

However, the ALJ noted that Plaintiff's physical impairments "have either been successfully treated,

controlled, stabilized, or otherwise do not more than minimally affect the claimant's ability to perform

basic work activities." *Id.*  The ALJ therefore found that the physical impairments were not "severe"

impairments because these impairments did not limit Plaintiff's "ability to perform work-related

activities (20 CFR 404.1522 and 416.922 and SSR 85-28)." *Id.* Lastly, the ALJ commented that Plaintiff

is obese, but it is also a nonsevere impairment. *Id.*

The ALJ found that Plaintiff's impairments, while severe, did not meet or medically equal the

severity of a listed impairment in 20 CFR Part 404 Subpart P, Appendix 1. *Id.* at 26-27. The ALJ

concluded that Plaintiff has a residual functional capacity (RFC) to perform a full range of work at all

exertional levels but with nonexertional limitations. *Id.* at 28. The ALJ further concluded that Plaintiff is

not able to perform any past relevant work. *Id.* at 30. She "is limited to simple tasks typical of unskilled

occupations with no production rate pace work, only interaction with supervisors and coworkers, and no

interaction with the public." *Id.* at 28. The vocational expert testified that Plaintiff is still able to perform

the following occupations: linen room attendant, cleaner, hand packager, mail clerk, marker, and

garment sorter. *Id.* at 31. These occupations are either medium or light exertion and have a combined

497,000 positions found within the national economy. *Id.* at 31. The ALJ determined that, considering

Plaintiff's RFC, age, education and work experiences, and the vocational expert's testimony, Plaintiff is

"capable of making a successful adjustment" to another occupation. *Id.* at 31. The ALJ found Plaintiff

was not under a disability as defined in the Social Security Act from December 21, 2015, through

November 16, 2020, the date of the decision. *Id.* at 31-32. The ALJ also concluded that Dr. Thompson's

opinion was persuasive, and State agency psychological consultants' opinions were partially persuasive.

AR 29. The ALJ deemed Plaintiff's treating physician's, Dr. Roitman, opinion was unpersuasive. AR

30.

Plaintiff challenged the ALJ's conclusion on four grounds: 1) the ALJ erred by failing to

consider the Plaintiff's nonsevere impairments in the RFC; 2) the ALJ failed to support his RFC with

substantial evidence; 3) the ALJ improperly assessed the medical opinion of Dr. Roitman; 4) the ALJ's

determination that Plaintiff's own subjective accounts were not fully supported is unsupported by

substantial evidence. ECF 25 at 9–16. Plaintiff requests that this Court reverse the Commissioner's

decision and remand this case only for the calculation of benefits, "or in the alternative, further

administrative proceedings with a new ALJ." *Id.* 19.

For the reasons discussed below, this Court finds: the ALJ appropriately considered Plaintiff's

nonsevere impairments in determining Plaintiff's RFC; the ALJ supported its findings with substantial

evidence; and the ALJ provided adequate reasons for discounting Plaintiff's subjective allegations.

However, the ALJ did not provide sufficient reasoning to discount Dr. Roitman's medical opinion. For

this reason, the Court remands this case for further proceedings.

**I.      The ALJ did Consider the Plaintiff's Nonsevere Impairments**

The ALJ must consider severe and nonsevere impairments in assessing a claimant's RFC. 20

C.F.R. § 404.1520(e) and 404.1545(a)(2) (requiring adjudicators to consider the functional effects of

nonsevere impairments when assessing the RFC); SSR 96-8, 1996 WL 374184, *5 ("In assessing RFC,

the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments,

1
2
3
4
5
6

even those that are not 'severe.'"). Under the Ninth Circuit standard, the ALJ "must consider all relevant evidence in the record including inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 883 (9th Cir. 2006). The burden is on the claimant to prove and provide "evidence known to [the claimant] that relates to whether or not you are blind or disabled." 20 § 404.1512(a).

7
8
9
10
11
12
13

Plaintiff alleges that the ALJ failed to consider her nonsevere, physical impairments – COPD, hypertension, obesity, and prediabetes[2] diagnoses – when determining her RFC. ECF 25 at 9 and 11. The ALJ concluded that Plaintiff's medical records show "that these [physical] conditions have either been successfully treated, controlled, stabilized, or otherwise minimally affect the claimant's ability to perform basic work activities." AR at 26. He further noted "there is no evidence" that the Plaintiff's obesity diagnosis limits her "mobility or ability to ambulate."

14
15
16
17
18
19
20
21

Plaintiff also failed to demonstrate how these physical impairments limited her work capability; she mentions no limitations regarding her physical abilities in her testimony. AR 39-55. Further, Plaintiff did not mention any physical limitations in her Function Report. AR 241. Plaintiff was asked to check off any physical or mental conditions, which included "lifting," "walking," and other physical conditions that Plaintiff may suffer from, but she only checked off limitations relating to her mental impairments. AR 246. Based on the evidence, the ALJ concluded that Plaintiff's physical impairments do not constitute "more than minimal" limitations. (AR 26). The ALJ determined that Plaintiff had no physical limitations in assessing the RFC. AR 28.

22
23
24
25

---

[2] Plaintiff's motion states that she is diabetic. ECF 25 at 11. However, according to medical reports on record, Plaintiff is prediabetic. AR 339.

1

2          Substantial evidence supports the ALJ's determination that Plaintiff's nonsevere impairments do

3     not significantly limit the physical abilities to do basic work activities. As detailed above, the ALJ

4     properly cited specific medical facts and nonmedical evidence in assessing the RCF. For these reasons,

5     the ALJ adequately considered Plaintiff's nonsevere physical impairments when formulating the RFC.

**II.      The ALJ Supported Plaintiff's RFC Formulation with Substantial Evidence**

6          Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is

7     supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion."

8     *Consolidated Edison Co. NLRB,* 305 U.S. 197 217 (1938) (defining a "mere scintilla" of evidence). Put

9     differently, a finding of no substantial evidence exists only "where there is a conspicuous absence of

10    credible choices or no contrary medical evidence." *Johnson v. Bowen,* 864 F.2d 340, 343-44 (5th Cir.

11    1998) (internal quotation marks and citation omitted). The ALJ "will assess [the claimants] residual

12    functional capacity based on all of the relevant medical and other evidence." 20 C.F.R § 404.1545(a)(3).

13         Plaintiff asserts that the ALJ's assessment is not supported with substantial evidence. ECF 19 at

14    11-12. She claims that the ALJ's assessment of the RFC is not supported by "Dr. Thompson's opinion

15    or any other medical evidence." ECF 25 at 12. More specifically, Plaintiff faults ALJ's finding that the

16    Plaintiff "was not capable of interacting with the public but could interact with coworkers and

17    supervisors." ECF 25 at 12. This conclusion, Plaintiff argues, was supported by "unclear" medical

18    opinion or evidence. ECF 25 at 12. Plaintiff further asserts that the ALJ "contradicted the medical

19    opinion he found persuasive and also those he found unpersuasive;" the ALJ ignored Plaintiff's

20    subjective testimony regarding her capability to interact in a public setting; and lastly, the ALJ ignored

21    "the fact that her traumatic attack was perpetrated by a coworker." ECF 19 at 12. This conclusion,

22    Plaintiff argues, was (1) supported by "unclear" medical opinion or evidence; (2) "contradicted the

23    medical opinion [the ALJ] found persuasive and also those [the ALJ] found unpersuasive;" (3) ignored

24

25

Plaintiff's subjective testimony regarding her capability to interact in a public setting; and (4)

disregarded "the fact that her traumatic attack was perpetrated by a coworker." ECF 25 at 12 and ECF

19 at 12.

In response, the Commissioner argues that substantial evidence supports the ALJ's RFC finding

because the ALJ appropriately took into account the Plaintiff's "subjective allegations, the medical

evidence of record, Plaintiff's response to prescribed treatment, and the medical opinions and PAMFs[3]

in the record." For the reasons discussed below, the Court agrees with the Commissioner.

Plaintiff explicitly mentions that even though the ALJ found Dr. Thompson's opinion to be

persuasive, the ALJ contradicted Dr. Thompson's opinion in his analysis regarding Plaintiff's

limitations. ECF 25 at 12. Dr. Thompson concluded that Plaintiff's "ability to interact with coworkers

*and* the public is likely moderately impaired." AR 392 (emphasis added). Similarly, Plaintiff asserts that

the ALJ did not "rely on the state agency psychological consultations" or Dr. Roitman's medical

opinions in forming his conclusion. ECF 25 at 12. The PAMF records indicate the Plaintiff is "able to

interact appropriately public in brief, infrequent, and nonintensive encounters." AR 70.

In assessing the RFC, the ALJ concluded that the Plaintiff can "only have occasional interaction

with supervisors and coworkers, and *no* interaction with the public." AR 28 (emphasis added). This

indicates the ALJ further limited Plaintiff's ability to interact with the public in comparison to Dr.

Thompson's opinion and the PAMF records. The ALJ explicitly mentions he took into account

Plaintiff's symptoms by stating that he "accommodated the claimant's mental impairments by limiting

her to simple . . . work related interactions" even though Plaintiff's mental health treatment has been

successful. AR 29. It is logical to assume that the ALJ considered the totality of the record and not only

[3] Prior administrative medical finding(s) (i.e., state-agency medical consultants)

Dr. Thompson's opinion because the ALJ found a more restrictive RFC assessment compared to Dr.

Thompson's opinion. AR 28.

For the reasons discussed above, the ALJ supported his RFC formulation with substantial

evidence.

**III.    The ALJ did not Err in Assessing Plaintiff's Subjective Accounts**

The Commission must engage in a two-step analysis before finding the claimant's testimony

lacks credibility. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). First the ALJ must

determine whether the claimant has presented objective medical evidence of an underlying impairment

"which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v.*

*Sullivan,* 947 F. 2d 341, 344 (9th Cir. 1992) (en banc) (internal quotation marks omitted). If the claimant

meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's

testimony about the severity of her symptoms by offering specific, clear and convincing reason for doing

so." *Smolen v. Chater,* 80 F. 3d 1273, 1281 (9th Cir. 1996); *see also Robbins v. Soc. Sec. Admin.,* 466

F.3d 880, 883 (9th Cir. 2006) ([U]nless an ALJ makes a finding of malingering based on affirmative

evidence thereof, he or she may only find an applicant not credible by making specific findings as to

credibility and stating clear and convincing reason for each."). The ALJ may consider several factors in

weighing a claimant's credibility including reputation for truthfulness, inconsistencies in testimony or

between testimony and conduct, daily activities, and "unexplained or inadequately explained, failure to

seek treatment or follow a prescribed course of treatment." *Fair v. Bowen,* 885 F. 2d 597, 693 (9th Cir.

1989).

The ALJ discounted Plaintiff's subjective complaints because he found that "[t]he claimant's

allegations are not fully supported by the objective medical evidence, or the treatment history as detailed

herein." AR 29. The ALJ further commented that "[t]he medical evidence concerning her impairments

provides only limited support for the claimant's allegations, and tends to suggest that her symptoms are not as severe, persistent, or limiting as she alleged." AR 29. In supporting this finding, the ALJ noted the Plaintiff's "exams were largely normal." AR 29.

Plaintiff asserts that the ALJ did not support his conclusion with the medical evidence, and the ALJ "offer[ed] no other explanation" other than "general recitation of the evidence." ECF 25 at 17 – 18. The Commissioner responded stating the ALJ appropriately evaluated Plaintiff's "symptom testimony in accordance with the relevant factors set out in the regulations" as well as the complete medical record. ECF 26 at 21-22.

The ALJ correctly applied the two-step procedure that is required to discount a claimant's testimony. First, the ALJ identified an underlying medically determinable impairment. As discussed above, the ALJ found that Plaintiff has affective mood disorder, anxiety related disorder, and PTSD. AR 26. However, the ALJ concluded the mental impairments did not meet or equal any impairments citing 20 C.F.R., Part 404 Subpart P, Appendix 1. The ALJ then assessed the RFC, which is detailed above. AR 28.

The ALJ rejected Plaintiff's testimony because her subjective allegations were not fully consistent with the medical record. AR 28 – 29. Plaintiff's exams "noted a normal mood and affect, intact concentration, intact judgment, intact memory functioning, and intact cognitive functioning." AR 29. The ALJ further concluded that the medical evidence suggests that Plaintiff's symptoms "are not as severe, persistent, or limiting," and that the treatment regimen "alleviated her symptoms." AR 29.

The Court finds that the ALJ based his determination on substantial evidence in the record. The ALJ provided clear, convincing and specific reasons for rejecting Plaintiff's testimony. The Court finds that substantial evidence supports the ALJ's rejection of Rhone's testimony. Congress expressly prohibits granting disability benefits based on a claimant's subjective complaints. *See* 42 U.S.C. §

423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); 20 C.F.R. § 404.1529(a) (an ALJ will consider all of a claimant's statements about symptoms including pain, but statements about pain or other symptoms "will not alone establish" claimant's disability). "An ALJ cannot be required to believe every allegation of [disability], or else disability benefits would be available for the asking, a result plainly contrary to [the Social Security Act]." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).3 An ALJ is required to make specific findings regarding the consistency of a claimant's alleged symptoms with the medical and other evidence. Social Security Ruling (SSR) 16-3p, available at 2017 WL 5180304 (decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"); *Thomas*, 278 F.3d at 958 (citation omitted).

The medical record supports the ALJ's finding that the Plaintiff's subjective allegations were unsupported. Although Plaintiff testified at the hearing that she continued to have depression, anxiety, and difficulty with social interaction, her medical exams showed a normal mood and affect, intact judgment, intact memory functioning, and intact cognitive functioning. AR 365, 388 – 395. Plaintiff also reported she has responded well to different treatment plans. Dr. Thompson's notes state that Plaintiff reported "somewhat effective" medication management and mental health counseling in diminishing the severity of Plaintiff's symptoms. AR 389. Dr. Thompson further opines that Plaintiff is now taking prescribed medications to reduce her symptoms. And Dr. Roitman's notes from March 2016 comment that Plaintiff's symptoms improves after talk therapy. (AR 365).

Based on the information above, substantial evidence supports the ALJ's finding that there are clear and convincing reasons to discount Plaintiff's subjective allegations.

1

2

**IV.     The ALJ did not Sufficiently Articulate Enough Evidence as a Reasonable Mind Might**

**Accept as Adequate to Support Finding Dr. Roitman's Opinion Unpersuasive**

3

The "ALJ must provide sufficient reasoning that allows [the court] to perform [a] review."

4

*Lambert v. Saul,* 980 F. 3d 1266, 1277 (9th Cir. 2020). "[T]he ALJ must do more than offer his

5

conclusions, and must set forth his own interpretations and explain why they, rather than the doctors',

6

are correct." *Reddick v. Charter,* 157 F.3d 715 (9th Cir. 1998). In assessing whether a medical opinion is

7

persuasive, the ALJ must consider supportability and consistency. *See* 20 C.F.R. § 404.1520c(c)(1)

8

("The more relevant the objective medical evidence and supporting explanations presented by a medical

9

source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more

10

persuasive the medical opinions or prior administrative finding(s) will be."); *See also* 20 C.F.R. §

11

4041520c(c)(2) ("The more consistent a medical opinion(s) . . . is with the evidence from other medical

12

sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

13

administrative medical finding(s) will be."). The ALJ also considers the relationship with the claimant,

14

and in particular, the frequency of examinations. *See* 20 C.F.R. § 404.1520c(c)(3)(i) ("The length of

15

time a medical source has treated you may help demonstrate whether the medical source has a

16

longitudinal understanding of your impairment(s)."). The ALJ must "explain how [h]e considered" the

17

supportability and consistency factors, as they are "the most important factors." § 404.1520c(b)(2)).

18

19

Dr. Roitman has been treating Plaintiff from 2013 through 2018. AR 352 - 366. According to Dr.

20

Roitman, Plaintiff has a "variety of interpersonal triggers [that] make it impossible for her to work and

21

deal with people." AR 398. Plaintiff argues that the ALJ improperly assessed Dr. Roitman's opinion

22

because "Dr. Roitman's opinion was supported by his medical treatment notes of over four years of

23

therapy and was consistent with the medical record," and in particular, the Vocational Expert's opinion

24

that Plaintiff's "inability to work with others for less than 33% of the day would be work preclusive for

25

competitive employment." ECF 25 at 13-14. In response, the Commissioner argues that the ALJ

correctly assessed Dr. Roitman's opinion because his opinion lacked "supportability and consistency"

with the overall medical record. ECF 26 at 15.

The ALJ's analysis regarding Dr. Roitman's opinion is sparse. AR 30. The ALJ's ruling is

approximately 10 pages total, and he addresses Dr. Roitman's opinion in a short paragraph that is only

three sentences long:

> In March of 2020, Norton Roitman, M.D., provided a medical source statement (Ex.5F).
> This opinion is not supported by objective findings or a detailed explanation. In addition,
> the opinion is not consistent with the record as a whole which generally noted normal
> findings. (Ex. 2F/24, 26 and 4F)[4].

AR 30.

A treating physician's opinion is no longer entitled to controlling weight; however, the ALJ's

reasons for finding the opinion of a medical source unpersuasive still must be supported by substantial

evidence. The ALJ did not explain why Dr. Roitman's opinion is not consistent with the record. The

ALJ cites to Dr. Roitman's medical notes in his decision to support how Plaintiff's medical exams and

cognitive functions were largely normal. AR 27 and 29 (citing AR 365). The ALJ did not summarize Dr.

Roitman's treatment notes. He also did not articulate why Dr. Roitman's opinion is not supported by the

objective medical records, making this review a challenging task. It is difficult to ascertain which of Dr.

Roitman's medical opinions the ALJ found inconsistent because the ALJ's explanation and reasoning

are conclusory statements. The ALJ also did not mention whether he considered Dr. Roitman's

extensive, longitudinal relationship with Plaintiff, which may be instructive in assessing a claimant's

impairments. *See* 20 C.F.R. § 404.1520c(c)(3)(i) ("The length of time a medical source has treated you

---

[4] 2F is Dr. Roitman's Progress Notes, dated from 3/26/2013 to 11/14/2018

may help demonstrate whether the medical source has a longitudinal understanding of your

impairment(s)." Although Plaintiff's alleged onset date of disability begins on December 21, 2015, Dr.

Roitman has been treating Plaintiff from 2013 through 2018. AR 352 - 366.

The ALJ's analysis frustrates meaningful review because it is not clear how the ALJ arrived at

these conclusions. Although it appears the ALJ considered the appropriate factors, he fails to explain

how the evidence supports finding Dr. Roitman's opinions unpersuasive.

For the reasons stated above, the ALJ did not sufficiently articulate how he reached his

conclusionary statements.

**V.     The Credit-as-True Rule does not Apply and the Case is Remanded for Further**

**Proceedings**

The "credit-as-true" rule permits a directed award of benefits on review in rare circumstances.

*Varney v. Sec'y of Health and Human Serv.,* 859 F.2d 1396 (9th Cir. 1988). Plaintiff requests this

remedy. ECF 25 at 18. This rule has three parts. the Court first considers whether the "ALJ has failed to

provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical

opinion." *Treichler, Commissioner of Social Sec. Admin,* 775F.3d 1090, 1101 (2014). The first step is

met for the reasons set forth above.

At the second step, the Court considers whether there are "outstanding issues that must be

resolved before a disability determination can be made" and whether further administrative proceedings

would be useful. *Treichler,* 775 F.3d at 1101. "In evaluating this issue, [I] consider whether the record as

a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and

whether the claimant's entitlement to benefits is clear under the applicable legal rules." *Id.* at 1103-1104.

"Where ... an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is

to remand the case to the agency." *Id.* at 1105. Since the ALJ's findings are inadequate, remand for

further findings is appropriate. See *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995). I find that

further administrative proceedings are necessary and remand the case.

I have reviewed the administrative record as a whole, and I find that the ALJ's decision is not

wholly supported by substantial evidence. I remand this case for reconsideration of the persuasiveness of

Dr. Roitman's opinion.


Accordingly,

I ORDER that plaintiff's motion for reversal and/or remand (ECF 25) is GRANTED and the

Commissioner's cross-motion to affirm (ECF 26) is DENIED.

The Clerk of Court is directed to enter judgment against defendant.

DATED this 21st day of July 2022.

                            _____

                            CAM FERENBACH
                            UNITED STATES MAGISTRATE JUDGE