# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Joyce R., | 2:21-cv-01296-VCF |
| Plaintiff, | **ORDER** |
| vs. | MOTION FOR ATTORNEY'S FEES [ECF NO. 33] |
| Kilolo Kijakazi, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff's counsel, Hal Taylor, of the Olinsky Law Group, filed a motion for attorney's fees. ECF No. 33. I grant the motion.

**I.   Background**

This case commenced on July 8, 2021 in a civil action before this court for judicial review of the Commissioner's decision denying Plaintiff's applications for Disability Insurance Benefits. (ECF No. 1). On July 21, 2022, the U.S. District Court for the District of Nevada remanded the matter to the Social Security Administration for further proceedings. (ECF No. 28).

On October 17, 2022, an Order granting a Stipulation for attorney's fees in the amount of $4,900.00 in attorney fees (ECF No. 31).

The plaintiff prevailed on remand, entitling her to $179,632.00 in total past due benefits. (ECF NO. 33-1, at page 2). Plaintiff's counsel moves for attorney fees in the amount of $28,800.00 which is

1

25% of the net payable past due benefits. *Id.* Plaintiff's counsel already received $4,900.00 per the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). *See* ECF No. 33-1. Counsel notes that the firm expended 25.4 hours on behalf of plaintiff in the federal court representation. *Id.* Of the hours, 20.2 are attorney hours and 5.2 are paralegal hours. Plaintiff's counsel states that paralegal hours are billed at $100.00 per hour and deducted, the effective hourly attorney rate is $1,400.00. *Id.* at page 5. Plaintiff asserts that this fee is reasonable. *Id.*

The Commissioner argues in the response that it does not assent or object to plaintiff's counsel's requested fee but offers only an analysis as a trustee[1] for plaintiff. ECF No. 34 at page 2.  The Commissioner states that it is for the Court to determine whether the hourly rate requested by plaintiff's counsel is reasonable. In so doing, the Court may consider the effective hourly rates resulting from awards in other cases. *See, e.g., Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036–37 (N.D. Cal. 2003) (reviewing cases with awards of effective hourly rates ranging from $187.55 to $694.44, and awarding effective hourly rate of $450.00); *Harrell v. Berryhill*, 2018 WL 4075883, at *4 (N.D. Cal. Aug. 27, 2018) (reducing request of $1,213.83 per hour, and finding de facto hourly rate of $600.00 is reasonable).

**Analysis**

Per 42 U.S.C. § 406(b), "[w]henever a court renders a judgment favorable to a claimant…who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Where there is an agreement between the claimant and counsel on attorney's fees for representation, the United States Supreme Court

---

[1] See *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

has instructed that courts generally must respect "the primacy of lawful attorney-client fee agreements" in awarding fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). The Court also has an "affirmative duty" to ensure the fees provided are "reasonable." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). "[T]he attorney bears the burden of establishing that the fee sought is reasonable." *Id*. at 1148. The Ninth Circuit in *Crawford v. Astrue* highlighted three factors to consider in determining the reasonableness of the attorney's fees. *Astrue*, 586 F.3d 1142 (9th Cir. 2009).

> First, no reduction in fees due to substandard performance was warranted. [. . .] Second, no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits. Finally, the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved.

*Id.* at 1151-52.

After reviewing the record and the supporting evidence, I find that plaintiff's counsel has made a sufficient showing to support his request for $28,800.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). Plaintiff was awarded $179,632 in past-due benefits by SSA. ECF No. 33-1 at p. 2. Taylor bases this fee on 25% of the net payable past due benefits. *Id.* Plaintiff's counsel supported his request by attaching his firm's two-page fee agreement that plaintiff signed. ECF No. 33-2. The record does not reflect substandard representation or dilatory conduct by counsel to increase the accrued amount of past-due benefits. I also find that the final request amount of fees is not excessive. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), abrogated on other grounds in *Gisbrecht,* 535 U.S. at 807.

3

I find that attorney Taylor and his support staff worked efficiently and that an effective hourly rate of $1,400 for attorneys and $100 for paralegals, though on the higher end, is not unreasonable. Many courts have upheld attorneys' fees on the higher end in social security cases given that efficiency and risk are important factors in these cases. See *Palos v. Colvin*, 2016 WL 5110243, 2 (C.D. Cal. 2016)(Finding that an hourly rate of $1,546.39 for attorney and paralegal services was reasonable); *Kazanjian v. Astrue,* 2011 WL 2847439 at 2 (E.D.N.Y. July 15, 2011) (Awarded a fee of $48,064.00 based on 19.75 hours of court work for an effective hourly rate of $2,433; noting efficiency and risk as important factors); *Thomas v. Colvin*, 2015 WL 1529331 at 2 (E.D. Cal. 2015) (awarded a fee of $44,603.50 based on 40.8 hours of attorney and paralegal time for an effective hourly rate of $1,093.22; see also *Melendez Meza v. Berryhill*, No. EDCV 16-1286-KS, 2019 WL 1751833, at 3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding $900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour.").

I find that the final request amount of fees is not excessive. Given plaintiff's counsel's experience in this area of law and commitment to representing those in need, I find that the effective hourly rate is more than reasonable based on the facts of this case.

Accordingly,

I ORDER that that plaintiff's motion for attorney fees pursuant to Social Security Act § 206(b)(1), (ECF No. 33) is GRANTED.

I FURTHER ORDER that the Commissioner is directed to CERTIFY the fee of $28,800.00, payable to the Olinsky Law Group.

I FURTHER ORDER that the Olinsky Law Group to REFUND the EAJA fee of $4,900.00 to the plaintiff.

IT IS SO ORDERED.

DATED this 12th day of July 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE